IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

14 SEP 19 PM 1: 20

OFFICE OF THE CLERK

| | | |
|---|---|---|
| MICHAEL ANDREWS | ) | |
| | ) | |
| Plaintiff | ) | Notice of Claim of |
| | ) | Unconstitutionality  8:14CV285 |
| Vs. | ) | |
| City of Omaha Police Department | ) | |
| Officer Luciano Rizzo, et al; | ) | |
| City of Omaha Police Department Officer) | | |
| Michael Belcastro, et al; | ) | |
| ~~Douglas County Housing, et al~~ ell ) | | |
| Omaha Housing Authority, etal. | | |

Defendant(s).

Pro Se Plaintiff

Michael Andrews

Charlene's Ammonite

4817 Boyd Street #2

Omaha, NE 68104

(402)453-1518

selvangl@aol.com

*/s/ Michael Andrews*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ANDREWS | ) | |
| Plaintiff | ) | |
| | ) | |
| Vs. | ) | Complaint and Demand for |
| | ) | Jury trial from Voting |
| City of Omaha Police Department | ) | District 2 |
| Officer Luciano Rizzo, et al; | ) | |
| City of Omaha Police Department Officer | ) | |
| Michael Belcastro, et al; | ) | |
| ~~Douglas County Housing, et al~~ | ) | |
| Omaha Housing Authority, et al. | | |
| Defendant(s). | | |

Pro se petitioner Michael Leon Andrews, for his claims alleges and states as follows:

FIRST CAUSE OF ACTION

City of Omaha Police Department Officer Belcastro et al; and State of Nebraska City of Omaha Police Department Officer Rizzo, et al; plus State of Nebraska Douglas County Housing, et al is based on 28 U.S.C. § 1915(e) (2) (B); State vs. Fahlk 1994; Perry v. Manocherian 675 FSupp 1417 (SD NY 1987) [New York law]. Chrysler Corp v. Fedders Corp 540 FSupp 706 (SD NY 1982) [New York law]; Hopper v. Drysdale 524 FSupp 1039 (D Mont 1981) [Montana law]; Nienstedt v.

Wetzel 133 Ariz 348, 651 P2d 876 (App 1982); Hewes v. Wolfe 74 NC App 610, 330 SE2d 16 (1985). Coleman v. Gulf Insurance Group 41 Cal 3d 782, 226 Cal Rptr 90, 718 P2d 77 (1986); Owen v. Owen 642 SW 2d 410 MO App 1982); Strid v. Converse 111 Wis2d 418, 331 NW2d 350 (1983); Tomai-Minogue v. State Farm Mutual Automobile Insurance Co 770 F2d 1228 (4th Cir Va 1985); [Maryland law, Virginia law]; Warwick Development Co vs. GV Corp 469 So 2d 1270 (Ala 1985); Mozzochi v. Beck 204 Conn 490, 529 A2d 171 (1987); Neumann v. Vidal 228 App DC 345, 710 F2d 856 (1983) on remd Neumann v. Reinforced Eardth Co 594 FSupp 139 (D DC 1984) [DC Laws]; Continental Cablevision Inc v. Storer Broadcasting Co 653 FSupp 451 (D Mass 1986); Mark v. Williams 45 Wash App 182, 724 P2d 428 (1986) review den 107 Wash @d 1015 (1986); McCabe v. Village voice Inc 550 FSupp 525 ED Pa 1982) [Pennsylvania]; Tompkins v. Cyr 202 F3d. 770, 53 Fed R. Evid. Serv. 1424, 46 Fed. R. Serv. 3d 319 (5th Cir 2000) (Applying Texas law); A.L.R. Index, Embarrassment, Humiliation, and Disgrace; Emotional Distress; Intentional, willful, and wanton acts. West A.L.R. Digest, Damages 57.20-25.5, 57.48, 149; Modern status of intentional infliction of mental distress as independent tort; "outrage"; 38 A.L.R. 4th 998. Am. Jur. 2d, Fright, Shock. & Mental disturbance §§ 10, 12 to 15; Torts § 30 C.J.S., Damages § 95; Torts §§ 70 to 80. Intentional infliction of Emotional distress, 43 Am. Jur. Proof of Facts; Riggs v. County of Banner, 159 FSupp 2d 1158 (D. Neb. 2001) - §§ 7,8,11.12,16. Roth v. Weise, 271 Neb. 750, 716 N.W. 2d 419 (2006) §§ 2, 7, 8; Nance v. Goodyear Tire & Rubber Co., 527 F.3d 539, 20 A.D. Ca5. Costello v. Mitchell Public School District 79, 266 F.3d 916, 157 Ed. Law Rep. 520 (8th Circuit 2001) (Applying Nebraska law); McGrath v. Fahey, 126 Ill. 2d 78, 127 Ill. Dec. 724, 533 N.E.2d 806 (1988). Lopez v. City of Chicago, 464 f.3d 711 (7th Cir 2006); McCarthy v. Szostkiewicz and the City of Holyoke 188 F. Supp. 2d 64 (D. Mass. 2002) (Applying

Massachusetts law); Coldwell Banker Residential Brokerage Co., Inc. v. Superior Court, 117 Cal. App. 4th 158, 11 Cal. Rptr. 3d 564 (4th District 2004); Estate of Trentadue v. U.S., 560 F. Supp. 2d 1124 W.D. Okla. 2008) (Oklahoma law); Cantrell v. American Broadcasting Cos 529 FSupp 746 (ND Ill 1981) [Illinois Law]. Bolduc v. Bailey 586 Fsupp 896 (D Colo 1984) [Kansas law]; Pearce v. Courier-Journal 683 SW2d 633 (KY App 1985); Sisemore v. U.S. News & World Report Inc 662 FSupp 1529 (D Alaska 1987) [Alaska law; plaintiff established critical facts were not stated and others were stated falsely]; Godbehere v. Phoenix Newspapers Inc 162 Ariz 335, 783 P@d 781 (1989); Ritzmann v. Weekly World News Inc 614 FSupp 1336 ND Tex 1985) [Texas law]; Jonap v. Silver 1 Conn App 550, 474 A2d 800 (1984); Machleder v. Diaz 801 F2d 46 (2nd Cir NY 1986) cert den Machleder v. CBS Inc 479 US 1088, 107 Sct 1294 LE2d 150 (1987) [New Jersey law]; Time Inc v. Hill, 385 US 374, 81 Sct 534, 17 LE2d 456 (1967) relying on NY Times; Co v. Sullivan 376 US 254, 84 Sct 465, 42 LE2d 419 1974; Lerman v. Flynt Distributing Co 745 F2d 123 (2nd Cir NY 1984) cert den 471 US 1054 (1985) [ New York law]; Cantrell v. Forest City Publishing Co 419 US 245, 95 Sct 465, 42 419 (1974); Stewart v. Pantry Inc 715 FSupp 1361 (WD KY 1988) [Kentucky law]; Polin v. Dun & Bradstreet Inc 768 F2d 1204 (10th Cir Oklahoma 1985) [Oklahoma law]; § 436 Wrongful Civil litigation and Tactics Valles v. Silverman, 135 N.M. 91, 84 P. 3d 1056 (N.M. Ct App. 2003); § 302A Infliction of Emotional Distress and Other Torts (intentional or negligent infliction of emotional distress); Alderson v. Bonner, 142 Idaho 733, B2 P. 3d 1261 (Idaho Ct. App 2006). §110 Characteristics of the Negligence Case; Trespassory Torts. Hatfill v. New York Times Co., 416 F. 3d 320 (4th Cir. 2005); Doe v. Gonzaga University, 143 Wash 2d 687, 24 P.3d 390 (2001); § 3 Defamation and intentional infliction of emotional distress; Federal Civil Judicial Procedure and Rules 28 § 2680 (h)/Tort Claims.

## PARTIES AND JURISDICTION

Pro se petitioner, Michael Leon Andrews moves THE UNITED STATES DISTRICT COURT to deny fair warning. 4. Plaintiff, Michael Leon Andrews, is a resident and citizen of Omaha, Douglas County, Nebraska. 5. Plaintiff, Michael Leon Andrews is a civil citizen existing under and by virtue of laws of the State of Nebraska, with life and liberty in the State of Nebraska. At all times mentioned herein, pro se petitioner, Michael Leon Andrews is a citizen of Omaha, Douglas County, Nebraska, acting within the scope and authority of Omaha, Douglas County, Nebraska. Pro se petitioner, Michael Leon Andrews is the sole Plaintiff in this action for the purpose of determining civil rights' violation made by State of Nebraska City of Omaha Police Department Officer Belcastro, et al; and State of Nebraska City of Omaha Police Department Officer Rizzo , et al; plus Douglas County Housing, et al. 3. Defendants, State of Nebraska City of Omaha Police Department Officer Belcastro, et al; and State of Nebraska City of Omaha Police Department Officer Rizzo, et al; plus Douglas County Housing, et al are employee's of a State, city, and county organized and existing under and by virtue of the laws of The United States of America, with its principal place of business in the State of Nebraska. 4. Jurisdiction over the claim of the Plaintiff, Michael Leon Andrews

## GENERAL ALLEGATIONS

I, Michael Andrews respectfully requested Omaha Housing Authority to remove my name and picture from the barred and banned list in the South Omaha Projects. I, Michael Andrews called 911 because I was robbed in the South Omaha Projects and seen the ring leader that caused the incident. I have

formally done an incident report on this matter with the Omaha Housing Authority and the Omaha Police Department. I did not use profane language at anytime. The police officers did not warn me about any vulgar language used towards them. The police officers did not give me a ticket or a citation for anything that could've been considered a crime. The police officers did not take me to jail. I was not found guilty of any wrongdoing concerning this incident. I was misrepresented in the incident report by the police officers and the housing authority officer (off duty police officer). I did not break any local, state, federal laws, and/or housing authority conduct policy. The police officers repeatedly stated that they were going to get me put on the barred and banned list. When the officers arrived I met them outside in front of the unit where the robbery had taken place they said "we're not doing this shit" then walked away back towards the cruiser. I said "don't cuss me" they said "we're not"; "do a data check"; "we're going to get you put on the barred and banned list; "call the housing officer." I called 911 again and asked other officers be sent out because I did not feel safe with the way things were going. The police officers said they were audio recording the entire event. If there is an audio recording my voice will not be heard cussing or getting loud. There will not be sounds of myself acting inappropriately or using disturbing English grammar. You would hear a different account then what was written in the housing incident report, in my favor. I am displeased with the incorrect information the police officers gave for the housing incident report. I asked the police officers were they going to do their job. They said "yeah we're going to get you put on the barred banned list. I said I did nothing. One officer told the other officer not to talk to me. I asked did they read the police report. They began yelling at me saying, do you know how many police reports we get a day? I said no. The said "500" I asked are they going to take a description of the suspect? They said "no," do a data check on me. They told me not to move and give them my identification. They said call the housing officer and repeated they were getting me put on the barred and banned list. I told them they are unprofessional and I was calling 911 again. They said go ahead we'll just radio that we're responding then they began laughing. I dialed 911 told the

operator what was happening. They became more upset when I told the operator they were cussing at me. I did not feel secure with the way things were happening. The police officers said they were audio recording the entire event. When the housing officer (off duty police officer) arrived they told him I called them both assholes, I said no I didn't. They said "we are acting like assholes, huh?" I was told to go talk to the housing officer. The housing officer told me I was being placed on the barred and banned list and that my photo was being taken. The police officers laughed more as my picture was being taken and began calling me a gang member. I was being humiliated and belittled in public. All I was trying to do was the right thing by calling 911 because I was a victim. The housing authority officer (off duty Omaha Police Officer) was biased; he never asked me a question. Another officer arrives; I began explaining to him the situation. The officers that arrived 1st said if I didn't get away from him that they were going to take me to jail. I was being threatened with incarceration for trying to give my personal information and a description of the suspect to the officer that arrived later. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al placed plaintiff Michael Andrews in a false light/ invasion of privacy when the defendants falsely stated use of profanity. Defendant City of Omaha Police Department Officer Belcastro, et al and defendant City of Omaha Police Department Officer Rizzo, et al implied that plaintiff Michael Andrews committed a crime/ engaging in criminal conduct. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al had knowledge of the falsity of the representation (no ticket). Defendant Douglas County Housing, et al has the plaintiff Michael Andrews picture in the barred and banned gallery at the South Omaha Projects. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al Abuse of process by having Defendant Douglas County Housing, et al place plaintiff

Michael Andrews on the Barred and Banned list. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al acted in spite, hate, and to procure an unfair advantage against plaintiff Michael Andrews. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al use of process to enforce groundless claims against Michael Andrews is an abuse of process. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al interfered with the legal right of Michael Andrews to report information of a criminal suspected of having engaged in a criminal act. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al denied right of Michael Andrews to give description of suspect. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al denied Michael Andrews right to identify suspect. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al issued no ticket (citation) for criminal wrongdoing against Michael Andrews which was willful and irregular likely due to the false assertions. Defendant Douglas County Housing, et al bar and banned Michael Andrews at the request of Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al caused recovering loss off at least 200.00, harmed the reputation of Michael Andrews, humiliated Michael Andrews, Defendant Douglas County Housing, et al is humiliating Michael Andrews. Defendant City of Omaha Police Department

Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al willfully made false assertions to protect their reputation because 911 were called twice by Michael Andrews. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al falsely stated use of profanity so Michael Andrews would be barred and banned. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al implied that Michael Andrews committed a crime so that plaintiff, Michael Andrews would be barred and banned. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al told Michael Andrews they were going to put plaintiff, Michael Andrews on the barred and banned list without fair warning. Plaintiff, Michael Andrews is embarrassed and humiliated plus disgraced because of his picture in the picture gallery in the South Omaha Projects because of the actions of Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al. Plaintiff, Michael Andrews has suffered a financial loss due to the groundless claims by Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al which produced symptoms of daily alcohol abuse. The Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al and Defendant Douglas County Housing, et al acts are a substantial factor in bringing about fear, stress, and depression. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al behavior was aggressively biased against Michael Andrews. Defendant City of Omaha Police Department

Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al used bullying tactics against plaintiff, Michael Andrews. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al were devoid of ability to be objective when dealing with Michael Andrews. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al used deceit and fear against Michael Andrews. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al misrepresented and defamed Michael Andrews. Defendant City of Omaha Police Department Officer Belcastro, et al and Defendant City of Omaha Police Department Officer Rizzo, et al did not follow standard operating procedures when dealing with Michael Andrews.