IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV285 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA POLICE DEPARTMENT, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on review of plaintiff Michael Andrews' ("Andrews" or "plaintiff") complaint (Filing No. 1). Plaintiff was granted leave to proceed in forma pauperis in this matter. The Court now reviews the complaint in accordance with 28 U.S.C. § 1915(e).

### I. SUMMARY OF COMPLAINT

Andrews, who lives in Omaha, Nebraska, has sued the Omaha Police Department, the Omaha Housing Authority, and two officers of the Omaha Police Department, Luciano Rizzo and Michael Belcastro (Filing No. 1 at CM/ECF p. 1). Liberally construed, he brings this action pursuant to 42 U.S.C. § 1983 for the violation of his constitutional right to procedural due process. He also asserts a state law claim for abuse of process.

Andrews alleged he was in the South Omaha Projects when he called 911 to report he had been robbed. Rizzo and Belcastro

responded to the call. When Andrews explained what had happened, the officers stated, "we're not doing this shit." Andrews apparently argued with the officers and asked them if "they [were] going to do their job." They responded by informing Andrews he would be banned from the South Omaha Projects. Eventually a housing officer with the Omaha Housing Authority arrived on the scene, took a photograph of Andrews, and advised him that he was being placed on the "barred and banned list" for the South Omaha Projects. The housing officer never questioned Andrews about what had occurred, and never gave him "fair warning" that he would be barred from entering the South Omaha Projects (Filing No. 1 at CM/ECF pp. 7-9).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). A complaint or any portion thereof must be dismissed if it states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed"

-2-

for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION

Andrews alleged in his complaint that a housing officer with the Omaha Housing Authority barred him from the South Omaha Projects at the request of Belcastro and Rizzo. Andrews alleged he did not receive "fair warning" that he would be banned from the South Omaha Projects and that his picture would be placed in the gallery of the South Omaha Projects reflecting that he had been banned from the premises (Filing No. 1 at CM/ECF pp. 8-9).

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property

without due process of law." U.S. Const. amend. XIV, § 1. In order to state a procedural due process claim, a plaintiff must allege that (1) he suffered a deprivation of a constitutionally protected interest in life, liberty, or property, and (2) such deprivation occurred without due process of law. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

       The principle that an individual possesses a constitutionally protected liberty interest in remaining in a public place of his or her choosing is well-established. *See Vincent v. City of Sulphur*, No. 2:13-CV-189, 2014 WL 2003193, *6 (W.D. La. May 15, 2014) (collecting cases). Andrews allegations suggest the South Omaha Projects are a public place and he has been banned from the public place without notice and an opportunity to be heard. Thus, he has identified a potential violation of his constitutional rights. However, for the reasons

explained below, as pled, his Complaint fails as a matter of law.

### A. Demand for Relief

Complaints filed in federal court must contain "a demand for the relief sought." Fed.R.Civ.P. 8(a)(3). Andrews did not specify the relief he seeks. (*See generally* Filing No. 1.) Accordingly, this matter may not proceed on plaintiff's current complaint. On the Court's own motion, Andrews will have an opportunity to file an amended complaint in which he specifies the relief he seeks.

### B. Claims Against Omaha, Nebraska

Plaintiff named the City of Omaha Police Department, the Omaha Housing Authority, and two Omaha Police Department officers -- Rizzo and Belcastro -- as Defendants (Filing No. 1 at CM/ECF p. 1). The Court construes a suit against the police department and the housing authority as being a suit against the City of Omaha, Nebraska. Further, because plaintiff did not specify the capacity in which he is suing Rizzo and Belcastro, the court assumes he has sued them in their official capacities only. See *Alexander v. Hedback*, 718 F.3d 762, 766 n. 4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her

-5-

official capacity.'") (quoting *Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)*). The Court construes a suit against Rizzo and Belcastro in their official capacities as being a suit against the City of Omaha. *See Johnson*, 172 F.3d at 535 ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

For these reasons, as pled, Andrews's complaint only asserts claims against the City of Omaha. For a municipality to be found liable under § 1983, "individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). A municipality or government entity cannot be held vicariously liable for the actions of one of its agents. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). Rather, there must be a showing a governmental employee was acting in accordance with a government policy or custom in order for liability to attach to the municipality under § 1983.

"Official policy involves 'a deliberate choice to follow a course of action made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th

Cir. 1990) (quoting *Pembaur v City of Cincinnati*, 475 U.S. 469, 483 (1986)).

In order to establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Andrews has not asked the Court to make a finding of individual liability against any City of Omaha employees -- a step necessary for a finding of municipal liability. *See McCoy*, 411 F.3d at 922. Andrews also does not assert that the alleged constitutional violation occurred because city officials were acting in accordance with official government policy or that any individual who carried out the actions against Andrews was

responsible for establishing an official policy. In addition, Andrews does not allege there was a continuing, widespread, persistent pattern of unconstitutional misconduct by the City of Omaha or its employees, or that City of Omaha policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. Finally, Andrews does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, he has failed to allege sufficient facts to "nudge" his claims against the City of Omaha across the line from conceivable to plausible under the *Jane Doe* standard.

The Court will grant plaintiff 30 days in which to amend his complaint to sufficiently allege a claim against the City of Omaha and name any other proper defendants.

## IV. STATE LAW CLAIMS

Andrews may have also intended to assert state law claims for abuse of process against defendants. Pending amendment of the complaint as set forth in this Memorandum and Order, the Court makes no finding regarding its jurisdiction over any potential state law claims.

IT IS ORDERED:

1. Andrews will have 30 days from the date of this Memorandum and Order to file an amended complaint that states a claim upon which relief can be granted.

      2.    Failure to respond to this Memorandum and Order will result in dismissal of this action without further notice.

      3.    The clerk's office is directed to set a pro se case management deadline using the following text:  January 26, 2015:  check for response from Andrews.

DATED this 29th day of December, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.