IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV285 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA POLICE | ) | MEMORANDUM AND ORDER |
| DEPARTMENT, LUCIANO RIZZO, | ) | |
| Officer, MICHAEL BELCASTRO, | ) | |
| City of Omaha Police | ) | |
| Department Officer, and OMAHA | ) | |
| HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on its own motion. On December 29, 2014, the Court conducted a pre-service screening of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). (Filing No. 5.) The Court determined plaintiff had identified a potential violation of his constitutional rights (*see id.* at CM/ECF p. 4), but the complaint failed as a matter of law because it did not clearly set forth a demand for the relief sought. (*Id.* at CM/ECF p. 5.) In addition, the complaint only asserted claims against a municipality, but plaintiff did not allege the existence of a governmental policy or custom as the moving force behind his injuries. (*Id.* at CM/ECF pp. 5-8.) Plaintiff was given 30 days in which to file an amended complaint. (*Id.* at CM/ECF p. 8.)

Plaintiff filed an amended complaint (Filing No. 6) on January 23, 2015. The body of the amended complaint is identical to the body of the original complaint. (Compare Filing No. 1 to Filing No. 6.) Thus, once again, plaintiff did not identify the relief sought, and plaintiff only asserted claims against a municipality but did not allege the existence of a governmental policy or custom.

Plaintiff also filed a 383-page brief (Filing No. 7) in addition to the amended complaint. For the most part, the brief is repetitive and nonsensical. However, on the final two pages of plaintiff's brief, he "expressly and unambiguously states" that he is suing defendants Luciano Rizzo and Michael Belcastro in their individual and official capacities. In addition, he sets forth that he is seeking money damages from defendants in various amounts. (*Id.* at CM/ECF pp. 382-383.)

As a whole, plaintiff's brief does not comply with the general rules of pleading set forth in Rule 8 of the Federal Rules of Civil Procedure. However, out of an abundance of caution, and in order to ensure a just and fair resolution of this matter, the Court will consider the final two pages of plaintiff's brief (Filing No. 7 at CM/ECF pp. 382-383) as a supplement to the amended complaint. *See* NECivR 15.1(b) (stating that in pro se cases, the Court may consider an amended pleading

as supplemental to the original pleading, rather than as superseding); *see also Coleman v. Correct Care Solutions*, 559 Fed. Appx. 601, 602 (8th Cir. 2014) ("Coleman's pro se filings, taken together, adequately raised a claim[.] . . . Ordinarily, Coleman's failure to include allegations of race discrimination in her amended complaint would constitute an abandonment of any race-related claims raised in her original complaint. . . . But in assessing Coleman's amended complaint, *we also consider the allegations* of race discrimination *raised in her subsequent filings*[.]") (emphasis added) (citing *Pratt v. Corrections Corp. of Am.*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (per curiam)). The Court will disregard the remainder of the brief. To the extent plaintiff seeks to raise claims in this action set forth in the first 381 pages of his brief, he must do so in a second amended complaint that complies with the general rules of pleading.

Upon careful review of plaintiff's amended complaint, and in light of his allegations that he is suing them in their individual capacities, the Court finds that plaintiff's claims against Rizzo and Belcastro for violations of his right to procedural due process may proceed to service of process. Plaintiff alleged in the amended complaint that Rizzo and Belcastro banned him from a public place without notice and

without an opportunity to be heard.  (*See* Filing No. 5 at CM/ECF p. 4.)

Upon careful review of plaintiff's amended complaint, the Court finds that plaintiff's claims against the City of Omaha Police Department, the Omaha Housing Authority, and Rizzo and Belcastro in their official capacities, may not proceed to service of process.  Plaintiff has not alleged Rizzo and Belcastro were acting in accordance with a governmental policy or custom when they barred him from a public place.  Plaintiff's claims against them will be dismissed without prejudice to reassertion in a second amended complaint.

IT IS ORDERED:

1.   The Court considers the last two pages of plaintiff's brief (Filing No. 7 at CM/ECF pp. 382-383) as supplemental to plaintiff's amended complaint (Filing No. 6).  The clerk's office is directed to add the following docket text to the already-existing text at Filing Number 7:  "Court will consider CM/ECF pages 382-383 of this filing supplemental to the amended complaint (Filing No. 6)."

2.   This matter may proceed to service of process against defendants Luciano Rizzo and Michael Belcastro in their individual capacities.

3. The clerk of the court is directed to send to plaintiff a copy of the amended complaint, a copy of this Memorandum and Order, and two summons forms and two USM 285 Forms for service on Belcastro and Rizzo. [Federal Rule of Civil Procedure 4(m)](#) requires service of the complaint on a defendant within 120 days of filing the complaint. However, plaintiff is granted an extension of time until 120 days from the date of this order to complete service of process.

4. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff. In making such a request, plaintiff must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the Marshal for service on defendants, together with a copy of the amended complaint.

5. Plaintiff's claims against the City of Omaha Police Department and the Omaha Housing Authority, and his claims against Rizzo and Belcastro in their official capacities, are

dismissed without prejudice to reassertion in a second amended complaint that complies with the general rules of pleading.

DATED this 13th day of March, 2015.

BY THE COURT:

/s/ Lyle E. Strom

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.