IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV285 |
| | ) | |
| v. | ) | |
| | ) | |
| LUCIANO RIZZO and MICHAEL BELCASTRO, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion of defendants, Luciano Rizzo and Michael Belcastro (collectively "defendants") to compel answers to requests for admissions and interrogatories (Filing No. 30). The defendants filed the present motion on October 21, 2015, along with an accompanying brief. *See* Filing No. 31. On October 23, 2015, plaintiff, Michael Andrews ("plaintiff" or "Andrews"), filed amended answers to interrogatories and an amended response to requests for admissions. *See* Filing No. 33 and Filing No. 34.

On October 30, 2015, plaintiff filed a motion to deny defendants' motion to compel (Filing No. 35) and defendants filed their reply brief (Filing No. 36). The Court will construe plaintiff's motion to deny defendants' motion to compel as a brief in opposition of defendants' motion. Thus, the matter has been fully briefed by the parties. After review of the motion,

the parties' briefs, and applicable law, the Court finds as follows.

**BACKGROUND**

On August 21, 2015, defendants served upon plaintiff requests for admissions and interrogatories. *See* Filing No. 23. On September 18, 2015, plaintiff responded to each of defendants' requests for admissions and each interrogatory by "object[ing] to the question [because] [t]he United States District court [sic] for the District of Nebraska has not set a schedule for this case." (Filing No. 24). In fact, the Court issued a progression order on July 22, 2015. *See* Filing No. 21. After becoming aware of this information, plaintiff then amended his answers but continued to object to the requests for admissions and interrogatories by stating, "Reason: Victim right to privacy." (Filing No. 33 and Filing No. 34). Defendants ask the Court to overrule plaintiff's

> objections . . . [and] pray for an Order from the Court compelling Mr. Andrews to answer the Requests for Admissions and Interrogatories served upon him . . . and deeming the Requests for Admissions admitted if the [p]laintiff fails to answer . . . after the expiration of any additional time to respond the Court may be inclined to give the [p]laintiff.

(Filing No. 30 at 1).  Plaintiff responds by arguing that he "in good faith filed and served amended answers to Interrogatories and Admissions in a timely manner and within the legal timeframe [sic] of 20 days."  (Filing No. 35 at 2).  Plaintiff further argues the defendants' motion "raises no substantial issue of law."  (*Id.*)

**LAW**

Discovery is governed by the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 33 governs interrogatories and provides "[t]he grounds for objection to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  Federal Rule of Civil Procedure 36 governs requests for admissions and provides "[a] party may serve on any other party a written request to admit, for the purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) . . . ."  Fed. R. Civ. P. 36(a)(1).  Thus, Rule 26(b) provides certain limitations on obtaining evidence through the discovery process.  Information that is privileged or irrelevant is not discoverable.  *See* Fed. R. Civ. P. 26(b)(1); *see also Edgar v. Finley*, 312 F.2d 533, 535 (8th Cir. 1963).

"The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(6). "The court may order either that the matter is admitted or that an amended answer be served." *Id.*

**DISCUSSION**

Plaintiff's objections fail to meet the requirements under the Federal Rules. The Court will therefore grant defendants' motion to compel. Plaintiff shall have until November 17, 2015, to answer defendants' interrogatories and requests for admissions. In the event that plaintiff fails to answer by the deadline set forth in this order, the requests for admissions will be deemed admitted. In the event plaintiff fails to answer defendants' interrogatories by the deadline set forth in this order, plaintiffs claims against defendants may be subject to dismissal without prejudice and without notice.

IT IS ORDERED:

1) Defendants' motion to compel is granted.

2) Plaintiff shall have until November 17, 2015, to answer defendants' interrogatories and requests for admissions. In the event that plaintiff fails to answer the requests for admission by November 17, 2015, the requests for admissions will be deemed admitted. In the event plaintiff fails to answer

defendants' interrogatories by November 17, 2015, plaintiff's claims against defendants may be subject to dismissal without prejudice and without notice.

DATED this 3rd day of November, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court