IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
MICHAEL ANDREWS,             )
                             )
           Plaintiff,        )        8:14CV285
                             )
     v.                      )
                             )
LUCIANO RIZZO and MICHAEL    )        MEMORANDUM OPINION
BELCASTRO,                   )
                             )
           Defendants.       )
_____)
```

This matter is before the Court on the motion of defendants, Luciano Rizzo and Michael Belcastro ("defendants" or the "officers"), for summary judgment (Filing No. 46), and plaintiff, Michael Andrews' ("plaintiff"), motion to deny summary judgment (Filing No. 49). Plaintiff's motion will be construed as a brief in opposition to defendants' motion. As of the date of this memorandum and order, no reply brief has been filed. After review of the motion, the parties' briefs, and the relevant law, the Court finds as follows.

**BACKGROUND**

Plaintiff filed his original complaint on September 19, 2014 (Filing No. 1). After two amendments to the complaint and a liberal construction of one of the plaintiff's briefs by the Court, only one claim against the officers remained. *See* Filing Nos. 8 and 20. Brief discovery consisting of requests for

admissions and interrogatories was conducted.  *See* Filing Nos. 23-25, 33-34, 40-43.

Defendants now request the Court grant summary judgment on plaintiff's procedural due process claim against the officers in their individual capacities (Filing No. 46).  The officers argue summary judgment is appropriate because no genuine issue as to any material fact exists indicating that defendants "banned and barred [the plaintiff] from the Omaha Housing Authority property" in violation of his procedural due process constitutional rights (Filing No. 47 at 1).  Defendants contend it was the Omaha Housing Authority that banned and barred plaintiff from the premises, not the officers.  (*Id.* at 9-13). Finally, defendants argue that "even if an actionable violation of [plaintiff's] constitutional or federal statutory rights occurred . . . [defendants] are entitled to qualified immunity for their actions . . . ."  (*Id.* at 15).

In response to defendants' motion, plaintiff asks the Court to deny defendants' motion.  Plaintiff requests the Court: (1) "not to adopt the defendants [sic] unchallenged perception of the facts for purposes of ruling on a motion for summary judgment;" (2) to require "defendants to stand trial and face the burden of answering Interrogatories and Admission which defendants have not completed;" (3) find plaintiff's cause of

action sufficient to withstand summary judgment insofar as finding "that there is a violation of a clearly established federal right of due process and federal right to confront accusers;" (4) determine that "a reasonable official would have known that defendants [sic] conduct violated the clearly established federal right of due process and federal right to confront accusers;" (5) determine the "questions of material fact of federal right of due process and federal right to confront accusers are genuine; " (6) find "plaintiff's federal right to due process . . . was clearly established but not met by the defendants;" and (7) conclude that the plaintiff "raises a substantial issue of law and the . . . relief sought is within the Court's discretion."  (Filing No. 49 at 1-2).

**LAW**

### I. Summary Judgment Standard

Summary judgment is only proper when the Court determines the evidence "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a),(c); *Semple v. Federal Exp. Corp.*, 566 F.3d 788, 791 (8th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).  A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material facts exists when "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). At the summary judgment stage, it is not the function of the Court to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The moving party bears the burden to show that summary judgment is appropriate. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). After the moving party has met its burden, "the non-moving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions are insufficient to withstand a motion for summary judgment." *Morris v. City of Chilicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008) (internal quotations omitted).

## II. Constitutional Violations of Procedural Due Process

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. In order to state a procedural due process claim, a plaintiff must allege that (1) he suffered a deprivation of a constitutionally protected interest in life, liberty, or property, and (2) such deprivation occurred without due process of law. *See Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990). The principle that an individual possesses a constitutionally protected liberty interest in remaining in a *public place* of his or her choosing is well established. *See Vincent v. City of Sulphur*, No. 2:13-CV-189, 2014 WL 2003193, at *6 (W.D. La. May 15, 2014) (collecting cases) (emphasis added).

**DISCUSSION**

The Court finds that summary judgment is warranted under the facts of the case as presented by the parties.

-5-

Andrews' allegations suggest the South Omaha Projects constitute a public place and he has been banned from the public place without notice and an opportunity to be heard.[1]  Plaintiff has failed to allege facts sufficient to show how the officers, and not the Omaha Housing Authority, banned him.  Discovery has demonstrated defendants did not ban and bar the plaintiff from the property.  *See* Filing No. 48, Ex. 3 (providing details of the incident from the Omaha Housing Authority officer who reported: "Andrews ban[ned] and barred for being disorderly with OPD, during ban & bar Andrews made hand sign during photo and refused to sign B&B sheet."); *see also id.*, Exs. 1-2, 14-15.  Plaintiff has not demonstrated the first element of his procedural due process claim because he cannot show how defendants deprived him

---

[1] The Court here notes the questionableness of characterizing the South Omaha Projects as public property.  The nature of the property and the evidence that publicly displayed signs limit access "to residents, their invited guests, employees of the Omaha Housing Authority and authorized personnel" and indicating that "all other persons are trespassers and subject to prosecution" call into question this assumption (Filing No. 48, Exs. 7-13); *see also id.*, Ex. 6 (stating "[a]ll properties of OHA are for the sole use and benefit of the residents of such developments, members of their households, their lawfully invited guests, personnel of OHA and such persons who have legitimate business on said property . . . other[s] . . . shall be regarded as trespassers . . . .").  However, the Court need not determine this issue and will assume, without deciding, that the property is public.

of a constitutionally protected interest in life, liberty, or property.

Furthermore, even if plaintiff could sufficiently demonstrate that the officers were the source depriving him of his liberty to be on the property, the Court finds that such deprivation did not occur without due process of law.  Plaintiff was provided with notice of the ban and bar by the Omaha Housing Authority officer in accordance with Omaha Housing Authority policies and procedures (Filing No. 48, Ex. 3); *see also id.*, Ex. 6).  Plaintiff was aware of the ban and bar both during his interaction with the Omaha Housing Officer and again when he sought review of his expulsion from the Ban and Bar Review Board. *See id.*, Exs. 14 and 15.  Plaintiff's appeal was considered and denied.  (*Id.*, Ex. 15).  Again, plaintiff was notified of this decision.  (*Id.*).  Accordingly, the Court concludes that even if plaintiff suffered a deprivation of a recognized constitutional right, and that deprivation was suffered at the hands of the officers, the deprivation did not occur without due process of law.  For the foregoing reasons, the Court finds that defendants'

motion for summary judgment should be granted.  A separate order will be entered in accordance with this memorandum opinion.[2]

DATED this 18th day of December, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

[2] The Court notes plaintiff's request that "defendants . . . face the burden of answering Interrogatories and Admission which defendants have not completed."  As of the date of this order, defendants have not answered plaintiff's interrogatories or requests for admissions.  However, after reviewing the content of plaintiff's discovery requests, the Court finds a response from defendants would not alter the Court's decision.